UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X
                                              :
UNITED STATES OF AMERICA                      :
                                              :
                                              :          13 Crim. 744 (LGS)
                    -against-                 :          14 Crim. 0055 (LGS)
                                              :
BRADLEY MITCHELL,                             :
                           Defendant.   :                  ORDER
----------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

## I.   **Background**

### A.   **Guilty Plea in the Narcotics Case (14 Crim. 55)**

WHEREAS, through a June 16, 2014, plea agreement Defendant pleaded guilty to

conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846.

WHEREAS, the parties agreed that the applicable guidelines range was 151 to 188

months' imprisonment, in part because Defendant was a career offender with "at least two prior

felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G.

§ 4B1.1.  Defendant's prior convictions included (i) robbery in the first degree with intent to

cause serious injury, in violation of N.Y. Penal Law § 160.15, a Class B Felony, and (ii)

attempted criminal possession of a controlled substance in the third degree, of narcotic drugs

with intent to sell, in violation of N.Y. Penal Law § 220.16, a Class B Felony.

WHEREAS, through the June 16, 2014, plea agreement Defendant agreed that "the

defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited

to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek

a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any

sentence within or below the Stipulated Guidelines Range of 151 to 188 months' imprisonment."

**B. Guilty Plea in the Firearm Case (13 Crim. 744)**

WHEREAS, on August 31, 2014, Defendant pleaded guilty to possessing a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1).

WHEREAS, in the August 31, 2014, plea agreement, the parties agreed that the applicable guidelines range was 70 to 87 months' imprisonment.

WHEREAS, the August 31, 2014, plea agreement contained the same waiver of the right to challenge any sentence within the agreed upon Guidelines range as the June 16, 2014, plea agreement contained.

**C. Sentencing**

WHEREAS, sentencing in both cases proceeded on March 4, 2015.

WHEREAS, Defendant was sentenced to 70 months' imprisonment in the Firearm Case to run concurrently with 132 months' imprisonment in the Narcotics Case, followed by three years of supervised release.  13 Crim. 744, Dkt. No. 23; 14 Crim. 55, Dkt. No. 406.

**D. Defendant's 2015 28 U.S.C. § 2255 Motion**

WHEREAS, on August 10, 2015, Defendant filed a petition pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside or correct his sentence and arguing that in light of *Johnson v. United States*, he should not have been classified as a career offender because his first degree robbery conviction no longer qualifies as a "crime of violence" for the purpose of determining career offender status.  He argued that because "the Court struck down the residual clause of the AACA [Armed Career Criminal Act] and the Career-Offender section of the Guidelines," he is "no longer eligible for the career-offender penalty" and should be resentenced.  *See* 14 Crim. 55, Dkt. No. 665.

WHEREAS, on April 6, 2016, the Court issued an Opinion and Order denying Defendant's petition on the grounds that (1) Defendant knowingly and voluntarily waived his

right to challenge his sentence in the plea agreements and (2) *Johnson* has no impact on

Defendant's sentence.  14 Crim. 55, Dkt. No. 665 (citing *United States v. Arevalo*, 628 F.3d 93,

98 (2d Cir. 2010)).

### E. Defendant's Health Status and the COVID-19 Pandemic

WHEREAS, the President of the United States has declared a national emergency due to

the spread of the COVID-19 virus.

WHEREAS, Defendant is confined at the Federal Correctional Institution, Williamsburg,

in Salters, South Carolina ("FCI Williamsburg"), where, as of March 11, 2021, approximately 22

inmates and 3 staff members had active cases of COVID-19, and 93 inmates had received both

doses of the COVID-19 vaccine.  *See COVID-19 Cases*, FEDERAL BUREAU OF PRISONS,

https://www.bop.gov/coronavirus (last visited Mar. 15, 2021).

WHEREAS, Defendant is sixty years old, and contends he has hypertension; he argues

his age and hypertension put him at heightened risk of infection or severe illness from COVID-

19.  13 Crim. 744, Dkt. No. 39.

WHEREAS, Defendant's B.O.P. medical records do not indicate that he has been

diagnosed with hypertension.

### F. Defendant's Time Served

WHEREAS, Defendant has served approximately ninety-nine months of his 132-month

sentence.  13 Crim. 744, Dkt. No. 39.

WHEREAS, Defendant has completed around 700 hours of programming, including

GED prep courses, drug abuse education and non-residential drug treatment.  *Id*.

WHEREAS, during his period of incarceration, Defendant has committed several

infractions including indecent exposure, refusing to obey an order and possession of a cell phone

and cell phone battery.  Exhibit A.

### G.  Defendant's 2021 18 U.S.C. § 3582(c)(1)(A)(i) Motion for Compassionate Release

WHEREAS, on February 16, 2021, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), based on extraordinary and compelling circumstances including, (1) the risks Defendant's health and age present amidst the COVID-19 pandemic, (2) Defendant's positive use of his term of incarceration and (3) an alleged error that inflated Defendant's guidelines range at sentencing.  Defendant requests that the Court "reduce his sentence to time served, convert the unserved portion of his sentence to a term of supervised release, and modify the conditions of supervision as appropriate, including by ordering a term of home confinement."  13 Crim. 744, Dkt. No. 39.

WHEREAS, on March 3, 2021, the Government e-mailed to Chambers the opposition attached as Exhibit A.

## II.    Exhaustion of Administrative Remedies

WHEREAS, a defendant may move to reduce his sentence only after exhausting "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

WHEREAS, Defendant filed a request for reduction of sentence, which was rejected by the Warden on August 24, 2020.  13 Crim. 744, Dkt. No. 39.

WHEREAS, the Government does not dispute that Defendant has exhausted his administrative remedies.  Exhibit A.

## III.    "Extraordinary and Compelling Reasons"

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission."  The relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13 ("Policy Statement"), provides that a court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, 433 F. Supp. 3d 613, 615 (S.D.N.Y. 2020).  The Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, Application Note 1(A).

WHEREAS, Defendant bears the burden of proving that extraordinary and compelling reasons exist to justify his request for a sentence reduction.  *United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020).

WHEREAS, the Centers for Disease Control and Prevention ("CDC") has stated that as compared to adults between the ages of eighteen and twenty-nine, adults between the ages of fifty and sixty-four years old are four times more likely to be hospitalized and twenty-seven times more likely to die if they contract COVID-19.  *Risk for COVID-19 Infection, Hospitalization, and Death By Age Group*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Feb. 18, 2021), https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html.

WHEREAS, the CDC has also stated that pulmonary hypertension, "increases [an individual's] risk of severe illness from COVID-19."  *People with Certain Medical Conditions*,

CENTERS FOR DISEASE CONTROL AND PREVENTION (Feb. 22, 2021), https://www.cdc.gov/

coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-

heart-conditions.

WHEREAS, Courts have also recognized that individuals in confinement settings may be

at a "heightened risk of contracting COVID-19."  *United States v. Stephens*, 447 F. Supp. 3d 63,

65 (S.D.N.Y. 2020).

WHEREAS, Defendant's health condition, age and the risk of COVID-19 infection do

not constitute extraordinary and compelling circumstances that warrant reducing his

incarceratory sentence.  Although Defendant is sixty years old, his B.O.P. medical records show

that he is in good health.  *See United States v. Haney*, 454 F. Supp. 3d 316, 322 (S.D.N.Y. 2020)

(denying compassionate release for 61-year-old inmate who was "in reasonably good health").

Defendant asserts that he has experienced hypertension.  However, his B.O.P. medical records do

not corroborate the implication that he suffers from ongoing hypertension.  *See United States v.

Nissen*, No. 17 Crim. 477, 2020 WL 2614825, at *3 (S.D.N.Y. May 22, 2020) (denying

compassionate release where medical record did not corroborate claimed medical conditions).

Even if his B.O.P. medical records show isolated instances in which Defendant's blood pressure

was high, Defendant has not been diagnosed with "pulmonary hypertension," which, according

to CDC Guidance, is the form of hypertension that puts individuals at increased risk of severe

illness from COVID-19.  *See United States v. Sattar*, No. 02 Cr. 395, Dkt. No. 1089 at 6

(S.D.N.Y. June 17, 2020) (denying compassionate release to a 60-year-old inmate with essential

hypertension because, "at this point, the [CDC] guidance suggests that pulmonary hypertension,

which [the inmate] does not claim to suffer from, is a genuine risk factor, and the guidance does

not suggest that regular hypertension, which [the inmate] does claim to suffer from, is a risk

factor"); *United States v. Slater*, No. 04 Cr. 48, Dkt. No. 1251 at 4-5 (S.D.N.Y. June 30, 2020)

("[G]eneric hypertension is a common condition shared by more than 75 million Americans and

can usually be effectively managed through monitoring and medication." (citing George L.

Bakris, *Hypertension*, MERCK MANUAL OF DIAGNOSIS AND THERAPY,

https://www.merckmanuals.com/professional/cardiovascular-disorders/hypertension) (last visited

June 30, 2020)).

WHEREAS, even if Defendant had provided an extraordinary and compelling

justification for release, the § 3553(a) factors would outweigh that justification.

IV.     **Sentencing Factors Under Section 3553(a)**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) requires a court to consider the factors set forth

in § 3553(a) in considering whether to reduce a term of imprisonment.  These factors include (1)

"the nature and circumstances of the offense and the history and characteristics of the

defendant"; (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the

offense, to promote respect for the law, and to provide just punishment for the offense; (B) to

afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of

the defendant; and (D) to provide the defendant with needed educational or vocational training,

medical care, or other correctional treatment in the most effective manner"; (3) "the need to

avoid unwarranted sentence disparities among defendants with similar records who have been

found guilty of similar conduct"; (4) the sentencing guidelines; and (5) "the need to provide

restitution to any victims of the offense."  18 U.S.C. § 3553(a).  While these factors serve as

guidelines, a court may "consider the full slate of extraordinary and compelling reasons that an

imprisoned person might bring before [it] in motions for compassionate release."  *United States*

*v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

WHEREAS, the factors set forth in section 3553(a) do not support a reduction in Defendant's sentence.  The serious nature of the offense, Defendant's history and the need for deterrence and non-recidivism remain unchanged.  Defendant played a central role in the conspiracy to distribute narcotics for which he was convicted.  He pleaded guilty to distribution of 5,340 30-milligram pills of oxycodone.  As the Court noted during the sentencing hearing, Defendant was "one of the most culpable in the group of defendants" charged in the Narcotics Case, as he served as a "crew chief," responsible for bringing dozens of crew members to get oxycodone prescriptions at a clinic.  He also "guarded the door of the clinic's waiting area and charged other crew chiefs to expedite their people's visits with the doctors."  14 Crim. 55, Dkt. No. 477.  In addition, based on three prior felony convictions, including convictions of robbery in the first degree with intent to cause serious injury and attempted criminal possession of a controlled substance in the third degree with intent to sell, Defendant is a career offender. During the sentencing hearing the Court specifically noted that Defendant's sentence was selected "to avoid disparities or differences with people who are similarly situated," and "to promote respect for the law and to deter not only [Defendant] but other people."  *Id.*  While Defendant's efforts to participate in programming are commendable, his prison record reflects several infractions, including indecent exposure, refusing to obey an order and possession of a cell phone and cell phone battery.  These factors weigh against release or reduction of sentence.

## V.   Use of the Appropriate Guidelines Range

WHEREAS, Defendant contends that he is entitled to a reduction in sentence because his 2004 New York state conviction for attempted third-degree criminal possession of a controlled substance was not a valid predicate offense in light of *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018).

WHEREAS, to qualify as a career offender, a defendant must have at least two prior felony convictions, with at least one for a "crime of violence" and one for a "controlled substance offense."  U.S.S.G. § 4B1.1(a).

WHEREAS, in *Townsend*, the Second Circuit held that a "'controlled substance' refers exclusively to a substance controlled by the CSA."  897 F.3d at 72.

WHEREAS, Defendant's 2004 conviction involved cocaine – a "substance controlled by the CSA."

WHEREAS, even if the holding in *Townsend* impacts Defendant's classification as a career offender -- which it does not -- when Defendant signed the June 16, 2014, and August 31, 2014, plea agreements he stipulated to the guidelines ranges that were applied and knowingly and voluntarily waived his right to pursue relief pursuant to 18 U.S.C. § 3582(c).  *See* Dkt. No. 665.  It is hereby

**ORDERED** that Defendant's motion for compassionate release or, in the alternative, reduction of his sentence is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Docket No. 39 in 13 Crim. 744 and at Docket No. 805 in 14 Crim. 55.

Dated: March 15, 2021
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE